## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
_____ :
                                :
LARRY O. JOHNSON,               :
                                :        Civil Action No.
                Plaintiff,      :        10-2265 (FSH)
                                :
          v.                    :        MEMORANDUM OPINION
                                :        AND ORDER
NSP L.T. DENNIS DEMICO, et al.,:
                                :
                Defendants.     :
_____:
```

IT APPEARING THAT:

1.   Plaintiff, an inmate confined at the Northern State Prison, Newark, New Jersey, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]  Based on his affidavit of indigence and the absence of three qualifying dismissals, within the meaning of 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and will order the Clerk of the Court to file the Complaint.

2.   At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for

---

[1] Plaintiff's initial submission did not contain a full application to proceed in forma pauperis, see Docket Entry No. 1, causing the Court to deny Plaintiff in forma pauperis status. See Docket Entry No. 2.  Upon the Court's directive, see id., Plaintiff duly cured the shortcomings of his in forma pauperis application.  See Docket Entries No. 3 and 4.

failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

3.  Plaintiff asserts three claims.  First, he asserts that Defendant Demico did not respond to Plaintiff's administrative grievances.  <u>See</u> Docket Entry No. 1, at 3 and 5.  Second, Plaintiff asserts that Defendant Oliveira did not put Plaintiff's name on the "phone list" when Plaintiff wished to call his family.  <u>See</u> <u>id.</u> at 4 and 5.  Finally, Plaintiff asserts that either Defendant Demico or Defendant Oliveira exposed Plaintiff to second-hand smoking.  <u>See</u> <u>id.</u> at 5.

4.  In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  <u>See Erickson v. Pardus</u>, 551 U.S. 89 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  Indeed, it is long established that a court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  However, while a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences,

or sweeping legal conclusions cast in the form of factual allegations. See id. Addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct." Id.

Id. at 230-34 (original brackets removed). This pleading standard was further refined by the United States Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

[In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant- unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . . Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope to develop facts through discovery].

_Iqbal_, 129 S. Ct. at 1949-54.

5.    A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  _See_ _West v. Atkins_, 487 U.S. 42, 48 (1988); _Piecknick v. Pennsylvania_, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

6.    Plaintiff's claims asserting that his civil rights were violated because his grievances were left unanswered are facially subject to dismissal.  "[T]he First Amendment does not impose any affirmative obligation on the government to listen, to respond or . . . to recognize [a grievance]." _Smith v. Ark. State Highway Employees, Local 1315_, 441 U.S. 463, 465 (1979); _see also_ _Minnesota State Bd. for Community Colleges v. Knight_, 465 U.S. 271, 285 (1984) ("[This] Court

rejected due process as a source of an obligation to listen. Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications"); San Filippo v. Bongiovanni, 30 F. 3d 424, 437 (3d Cir. 1994) ("the petition clause does not require the government to respond to every communication that the communicator may denominate a petition"). Moreover, to the extent Plaintiff might seek to assert a constitutional claim based on the government's failure to provide an administrative appeal or to comply with prison regulations requiring an administrative appeal process, this claim also fails. "Prisoners do not have a constitutional right to prison grievance procedures.   Thus, defendants' alleged obstruction of such procedures is not independently actionable."  Heleva v. Kramer, 214 Fed. App'x 244, 247 (3d Cir. 2007) (citing Massey v. Helman, 259 F. 3d 641, 647 (7th Cir. 2001)); see also Pressley v. Johnson, 268 Fed. App'x 181, 184 (3d Cir. 2008) ("[plaintiff] also complained about the investigation and processing of his inmate grievances. Because there is no due process right to a prison grievance procedure, [plaintiff's] allegations did not give rise to a Fourteenth Amendment violation"); Stringer v. Bureau of Prisons, 145 Fed. App'x 751, 753 (3d Cir. 2005).  Accordingly,

inmate grievance procedures which may set forth or specify an administrative appeal do not give rise to a liberty interest protected by the Due Process Clause.   See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam); Mann v. Adams, 855 F.2d 639 (9th Cir.) (per curiam), cert. denied, 488 U.S. 898 (1988).   Therefore, Demico's failure to respond to Plaintiff's administrative grievances is not actionable under § 1983.   See Graw v. Fantasky, 68 Fed. App'x 378 (3d Cir. 2003) (observing that "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim" and citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989)); cf. Burnside v. Moser, 138 Fed. App'x 414, 416 (3d Cir. 2005) (prisoners do not have a constitutionally protected right to a prison grievance process); Lewis v. Williams, 2006 U.S. Dist. LEXIS 8444, *7 (D. Del. 2006) (failure to investigate a grievance does not raise a constitutional issue) (collecting cases).   Thus, Plaintiff's claims based on Demico's alleged failure to respond to his grievances must be dismissed.   Since the shortcomings of this line of Plaintiff's claims cannot be cured by repleading, such dismissal will be with prejudice.

7.   Plaintiff's second line of claims asserts that Defendant

Oliveira refused to put Plaintiff's name on a certain "phone list" when Plaintiff wished to call his family members.  The constitutional right at issue has been described as the right to communicate with people outside prison walls, and "a telephone provides a means of exercising this right." Almahdi v. Ashcroft, 310 Fed. App'x 519, 521-22 (3d Cir. 2009) (quoting Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002)).  However, prisoners "ha[ve] no right to unlimited telephone use," and reasonable restrictions on telephone privileges do not violate their First Amendment rights.  See id. At 522 (quoting Washington v. Reno, 35 F.3d 1093, 1099-1100 (6th Cir. 1994)).  Rather, a prisoner's right to telephone access is "subject to rational limitations in the face of legitimate security interests of the penal institution." Id. (quoting Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)).  Regulations limiting telephone use by inmates have been routinely sustained as reasonable. See id. (citing Pope v. Hightower, 101 F.3d 1382, 1384-85 (11th Cir. 1996)). Moreover, telephone restrictions are viewed as more serious if the litigant asserts facts showing that he lacked alternative means of communicating with persons outside the prison, e.g., by mail. See id. (citing Valdez, 302 F.3d at 1049).  Therefore, here, the Court must determine: (a) whether the telephone restrictions asserted by

Plaintiff violated Plaintiff's right by falling outside reasonable limitations associated with rational penological interests; and (b) whether Plaintiff had alternative means to communicate with his family members, e.g., by mail or their visits to prison. However, Plaintiff's Complaint provides the Court with no facts detailing the alleged restriction, i.e., it does not specify whether the restriction was a one-time occurrence or a systemic denial, it does not state what explanation – if any – was given to Plaintiff by Defendant Oliveira (or any other prison official) in connection with the alleged denial of putting Plaintiff's name on the "phone list," and it does not enlighten the Court as to whether Plaintiff was allowed other means of communication with his family members, e.g., by mail or prison visits, etc. Hence, as drafted, Plaintiff's Complaint falls short of the "plausibility" standard articulated in Iqbal. However, this Court cannot rule out that Plaintiff, if allowed to amend his Complaint by stating the facts of his challenges, might be able to articulate a viable claim. Therefore, the Court finds it warranted to allow Plaintiff an opportunity to amend his Complaint by stating, in detail, the facts of his claim based on the alleged denial of putting Plaintiff's name on the "phone list."

8.   Finally, Plaintiff alleges that either Defendant Demico or

Defendant Oliveira exposed Plaintiff to second-hand smoking by "walking around smoking cigars." However, Plaintiff does not clarify which Defendant allegedly committed these acts. Moreover, Plaintiff's Complaint does not allow the Court to intelligently evaluate this line of Plaintiff's challenges. For the purposes of the Eighth Amendment, liability based on exposure to environmental tobacco smoke ("ETS") requires proof of: (a) exposure to unreasonably high levels of ETS contrary to contemporary standards of decency; and (b) deliberate indifference by the authorities to the exposure to ETS. See Turner v. Leggett, 2011 U.S. App. LEXIS 7095 (3d Cir. Apr. 6, 2011) (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). Where an inmate complains of occasional ETS exposure in common areas of the prison facility, e.g., in the outside recreational yard, such allegations do not state an actionable claim. Compare, e.g., Helling, 509 U.S. at 35 (holding that bunking with a cellmate who smoked five packs of cigarettes per day exposed an inmate to an unreasonable risk of future harm from ETS exposure), and Atkinson v. Taylor, 316 F.3d 257, 259 (3d Cir. 2003) (holding that a prisoner who claimed that he had shared a cell with constant smokers for many months stated a claim for a violation of a clearly established right), with Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001) (holding that sitting near some smokers sometimes

is not an unreasonable exposure to ETS) and <u>Pryor-El v. Kelly</u>, 892 F. Supp. 261, 267 (D.D.C. 1995) (dismissing an ETS claim in which the plaintiff alleged "only that various unnamed inmates and prison officials smoke 'in the TV room, games room, and the letter writing room'"). Here, since Plaintiff merely asserted that one of the named Defendants "walk[ed] around smoking cigars," the Court has no basis to conclude that the ETS Plaintiff is alleging violated Plaintiff's rights. Hence, as drafted, Plaintiff's Complaint also falls short of the "plausibility" standard articulated in <u>Iqbal</u> with regard to Plaintiff's ETS claim. However, this Court cannot rule out the possibility that Plaintiff, if allowed to amend his Complaint by stating the fact of his ETS challenges, might be able to articulate a viable claim. Therefore, the Court finds it warranted to allow Plaintiff an opportunity to amend his Complaint by stating, in detail, the facts of his claim based on the alleged ETS exposure.

IT IS, therefore, on this 1st day of June, 2011,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's application to proceed in this matter <u>in forma pauperis</u> is granted; and it is further

ORDERED that the Clerk shall file Plaintiff's complaint,

Docket Entry No. 1; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00
which shall be deducted from his prison account pursuant to 28
U.S.C. § 1915(b)(2) in the manner set forth below; and it is
further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff
is assessed an initial partial filing fee and, when funds exist,
the agency having custody of Plaintiff shall deduct said initial
fee from Plaintiff's prison account and forward it to the Clerk of
the Court; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the
$350.00 filing fee is paid, each subsequent month that the amount
in Plaintiff's prison account exceeds $10.00, the agency having
custody of the plaintiff shall assess, deduct from Plaintiff's
account, and forward to the Clerk of the Court payments equal to
20% of the preceding month's income credited to Plaintiff's prison
account, with each payment referencing the docket number of this
action; and it is further

ORDERED that Plaintiff's complaint, Docket Entry No. 1, is
dismissed; and it is further

ORDERED that Plaintiff's challenges based on the alleged lack
of Defendant Denico's responses to Plaintiff's grievances are
dismissed with prejudice; and it is further

ORDERED that Plaintiff's challenges based on the alleged

Defendant Oliveira's refusal to put Plaintiff's name on the "phone list" are dismissed without prejudice; and it is further

ORDERED that Plaintiff's challenges alleging that an unspecified Defendant exposed Plaintiff to ETS are dismissed without prejudice; and it is further

ORDERED that, within forty-five days from the date of entry of this Memorandum Opinion and Order, Plaintiff shall file an amended complaint detailing solely the facts of the two above-stated lines of challenges that were dismissed without prejudice (such detailed statement shall be made in accordance with the guidance provided to Plaintiff in this Memorandum Opinion and Order) and clarifying the identity of Defendant who, allegedly, exposed Plaintiff to ETS; and it is further

ORDERED that the Clerk shall administratively terminate this matter, by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED," subject to reopening upon timely receipt of Plaintiff's amended complaint; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff, together with a blank civil complaint form (which Plaintiff may utilize for the purposes of

producing his amended complaint),[2] by certified mail, return receipt requested.

s/ Faith S. Hochberg
**FAITH S. HOCHBERG,**
**United States District Judge**

---

[2] Plaintiff may, but not must, utilize the pre-printed complaint form; in alternative, Plaintiff may submit a concise but, nonetheless, detailed statement of his ETS and denial-of-phone-call claims. Taking notice of Plaintiff's hard-to-comprehend penmanship, the Court strongly encourages Plaintiff to either type his challenges or to undertake Plaintiff's best efforts to produce a legible hand-written amended complaint.